IN THE MATTER OF THE ESTATE OF IDA EUSTIS, DECEASED; BOYD PHELPS, *et al.,* v. RALPH W. EUSTIS.

5 So. (2nd) 254
En Banc
Opinion Filed December 2, 1941
Rehearing Denied January 8, 1942

666

An Appeal from the Circuit Court for Lake County, J. C. B. Koonce, Judge.

*William N. Ellis* and *George S. Grimes,* for Appellants;

*Z. D. Giles* and *R. M. McCareins,* for Appellee.

PER CURIAM.—This appeal is from an order or decree of the circuit court affirming an order of the county judge of Lake County, Florida, acting as a probate court, which order of the county judge denied an amended petition for the revocation of the probate of the will of Miss Ida Eustis who was survived by a number of nieces and nephews. The amended petition was filed by other nephews and nieces of Ida Eustis, and others, against Ralph W. Eustis, a nephew, the principal legatee. It is predicated upon grounds of incompetency of the testatrix to make a will and of undue influence over the testatrix by her nephew, Ralph W. Eustis, an attorney, who drafted the will and was present at its execution. The will, after several special bequests, gave to her nephew, Ralph W. Eustis, one-half share of the residue of her prop-

erty and a 1/22 share to each of eleven others, four nephews, four nieces and three adopted children of a deceased niece and a deceased brother. The will states the legacy from her residuary estate to Ralph W. Eustis as

"An undivided one-half (½) thereof to my nephew, Ralph W. Eustis, of the City of Minneapolis, Minnesota, in recognition and token of my affection and regard for him and of his devotion to my welfare, if he shall be living at the time of my decease. If he shall predecease me, then his one-half (½) share and portion aforesaid which he would have received if living shall be divided equally between his then living children, share and share alike."

A motion to dismiss the amended petition was denied by the county judge. An answer under oath of Ralph W. Eustis, the respondent appellee, was filed, in which he severally denied the allegations of the petition which state in effect that he did not act in good faith with some of the legatees in his statements and conduct towards them as to what should be the terms of the will of the testatrix before and after its execution, and denied any undue influence over the testatrix regarding the disposition of her property.

The evidence adduced is voluminous. The county judge denied the amended petition to revoke the probate of the will and the petitioners appealed to the circuit court. Such court affirmed the order or decree of the county judge and petitioners appealed to this court.

The cause has been ably presented on the appeal here.

The not unduly influenced and lawful intent of a competent testatrix, when duly ascertained and deter-

mined, controls the interpretation and operation of a duly executed will.

In this case the trial court and the intermediate appellate court, upon sustaining testimony, by their decrees in effect determined that the probative force of the evidence showed the testatrix was competent to make the will; and that the testatrix was not unduly influenced in making the will by her nephew, Ralph W. Eustis, who was the chief beneficiary of the will, and who prepared the will and was present at its execution at the instance of the testatrix, who, being found competent to make a will, was at liberty to bequeath a large part of her property to her nephew if she so desired, "in recognition and token of my [her] affection and regard for him and of his devotion to my [her] welfare."

Legal presumptions that may have arisen against the appellee because of his fiduciary relation to the testatrix were held by the lower court to have been overcome by the evidence as to the circumstances preceding and attendant upon the execution of the will; and it does not appear from the entire record that the court was in error in so holding.

Since it is shown the testatrix freely intended the contents of the will to be as they are, the personal communications or conduct of the appellee with or toward other persons than the testatrix before or after the execution of the will, as to provisions which they desired to be made by the will, are not shown to affect the validity of the intended will of the testatrix which was shown to have been duly executed by a competent testatrix, and without undue influence over her being shown to have been exerted by her chosen draftsman who was her favored nephew and who has some time

before also been the advisor of other of the legatees or their relatives in other matters. See *In re*: Estate of Donnelly v. Ashby, 137 Fla. 459, 188 So. 108; *In Re*: Estate of Aldrich, Withington v. Acton, decided this term.

There is ample evidence to sustain the order or decree and it does not appear that the courts below misinterpreted the legal effect of the evidence or applied an erroneous rule of law to the evidence or that on the whole evidence the decree is erroneous; therefore the decree of the circuit court affirming the decree or order of the probate court denying the petition for a revocation of the probate of the will of Ida Eustis is here affirmed.

BROWN, C. J., WHITFIELD, CHAPMAN and THOMAS, J. J., concurring.

BUFORD and ADAMS, J. J., dissenting.

TERRELL, J., not participating.